IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| ) | CASE NO. 15-22326(RDD) |
| **WILLIAM SMITH,** ) | |
| **GERTRUDE SMITH** ) | |
|     **Debtors.** ) | |
| _____ ) | |
| ) | |
| ) | OBJECTION TO MOTION |
| **Ocwen Loan Servicing, LLC as** ) | FOR RELIEF FROM STAY |
| **Servicer for Wells Fargo Bank, NA** ) | AND COUNTER MOTION |
| **As Trustee for Option One Mortgage** ) | |
| **Loan Trust 2006-1, Asset Backed** ) | |
| **Certificates Series 2006-1** ) | |
|     **MOVANT,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **WILLIAM SMITH, GERTRUDE SMITH** ) | |
|     **Respondents.** ) | |

**DEBTORS' OBJECTION MOTION FOR RELIEF FROM STAY FILED BY OCWEN LOAN SERVICING, LLC AS SERVICER FOR WELLS FARGO BANK, NA AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN 2006-1, ASSET BACKED CERTIFICATES SERIES 2006-1
AND RESPONDENTS' COUNTER MOTION PURSUANT TO 11 U.S.C. SECTION 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM
AND PLEA FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

**1.1** This is an objection to the pending Motion for Relief From Automatic Stay filed by alleged creditor, "Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series 2006-1" (hereinafter "Ocwen") The Court should note that purported creditor and movant failed to file a Proof of Claim in the Debtors' bankruptcy case.

1

**1.2**   This is an objection to the pending Motion for Relief From stay as well as a Counter Motion for actual and punitive damages filed by the Debtors William Smith and Gertrude Smith, a married couple, (hereinafter "Debtors" or the "Smiths") pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and 7001(9) of the Federal Rules of Bankruptcy Procedure to determine the interest of the Ocwen in the residential real estate of the Debtors and determine the amount of the allowed secured claim, if any, of Ocwen.

**1.3**   This Objection and Counter Motion focuses on the improper accounting of escrow, fees, charges and misapplication of payments by Ocwen in its claims as purported servicer against the Debtors' estate for improper amounts owed as certified by employees of Ocwen and its attorneys.

**1.4**   This Objection and Counter Motion focuses on the improper add on charges and fees reflecting in the Ocwen's accounting.

**1.5**   This Objection and Counter Motion focuses on the fraud perpetrated on the Court and the Smiths by filing a false Motion for Relief From Stay together with fraudulent documents in support thereof and the Ocwen' fraudulent misrepresentation of the owner of the Debtors' Mortgage Loan and the identity of the real party in interest.

## II.    PARTIES

**2.1**   William Smith and his wife Gertrude Smith are Debtors under Chapter 13 of Title 11 of the United States Code in case number 15-22326(rdd), which case was filed on March 13, 2015 and is presently pending before this Court.

**2.2**   The Movant/ Respondent, Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series

2

2006-1, is a corporation that services residential mortgage loans and/or claims ownership of the Debtors' promissory mortgage note.

### III. OBJECTION AND COUNTER MOTION

#### A. JURISDICTION

**3.1** Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

**3.2** Jurisdiction is further conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

**3.3** This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**3.4** This Court has supplemental jurisdiction to hear all state law claims, if any, pursuant to Section 1367 of Title 28 of the United States Code.

**3.5** The Debtors are informed and believe that this matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Debtors consent to the entry of a final order by the Bankruptcy Judge.

#### B. VENUE

**3.6** Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

#### C. ADDITIONAL FACTS

**3.7** On or about October 12, 2005 non-party "Option One Mortgage Corporation, A California Corporation" (hereinafter "Option One" or "Originating Lender") made a mortgage loan to Debtors pertaining to their property, a multiple family dwelling, located at Pocantico Street, Sleepy Hollow, NY (the "Property"), referred to in this Objection and Counter Motion as the "First Mortgage Loan."

**3.8** In connection with the First Mortgage Loan the Debtors, based on information and belief, executed a promissory note (the "First Mortgage Note") in the original principal amount of $750,000.00 payable to Option One.

**3.9** The First Mortgage Note was secured by a Mortgage on the Property dated October 12, 2005 and based upon information and belief, is recorded in the Westchester County, New York, Office of the County Clerk (the "First Mortgage"), which named Option One as the Lender.

**3.10** The First Mortgage Loan is a consumer credit transaction within the meaning of, and subject to the Truth In Lending Act.

**3.11** The First Mortgage Loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

**IV.    OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

**4.1** The allegations of paragraphs 1.1 through 3.11 of this Objection and Counter Motion are hereby re-alleged and incorporated by reference.

**4.2** The bar date by which to file a Motion for Relief From Stay in the Debtors' case was set as September 16, 2015. Despite notice Ocwen failed to file Proof of Claim and thusly has no opportunity to be paid under the Debtors' proposed Chapter 13 Plan.

4

**4.3** On or about July 14, 2016, Ocwen filed the instant Motion for Relief From Automatic Stay attaching the following documents in support of its motion:

    a. A purported copy of an "Adjustable Interest Rate Note" dated October 12, 2005; naming Option One as the Lender and further naming both Smiths, (ie., William Smith and Gertrude Smith) as the Borrowers. The Note bears no indorsement and the Debtors aver said Note is a non-negotiable instrument;

    b. A page entitled "Allonge to Note" naming the Smiths as borrowers and bearing a purported specific indorsement to "Wells Fargo Bank, NA as Trustee" with no further mention as to entity to which Wells Fargo Bank, NA would act as a trustee. This alleged allonge is dated October 12, 2005 and is signed (allegedly) by Judith Lashley as an Assistant Secretary for Option One. The Debtors aver that this Allonge is not an indorsement to the promissory Note and is a false document intended to entice the court's reliance on the same, for reasons set forth herein below;

    c. A Prepayment Charge Note Addendum dated October 12, 2005;

    d. A 9 page document "Mortgage" together with a 1 page recording sheet identifying Option One as Lender and the Smiths as Borrowers. The Court should note that the mortgage document does not appear to indicate any rights or relationship with MERS;

    e. A 3 page Adjustable Rate Rider dated October 12, 2005;

    f. A 3 page document "1-4 family Riderr / Assignment of Rents";

    g. A 2 page "Assignment of Mortgage" dated September 11, 2012 which reads in relevant part as follows:

"Know that Sand Canyon Corporation F/K/A Option One Mortgage Corporation located at 1525 S. Beltline Road, Coppell, TX 75019 (Assignor), in consideration of TEN DOLLARS ($10.00) paid by **Wells Fargo Bank, NA as Trustee for Citigroup Mortgage Loan Trust, Series 2004-OPTI, Asset Backed Pass-Through Certificates, Series 2004-OPTI** hereby assigns unto the

5

(Assignee) Wells Fargo Bank, NA, as Trustee for Option One Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1" (emph added)

There is no explanation as to how or why a 2004 Citigroup Trust (8 years past its closing date) would pay $10 to transfer the Smiths' mortgage to a 2006 Option One Mortgage Loan Trust (6 years past its closing date) and all approximately 2 years after the smiths allegedly defaulted on payments.  The assignment makes no sense whatsoever.

There is no mention of any assignment of the Note in this document.  Said document is signed by Sarah Hix, an alleged Vice President of Sand Canyon in Bonneville County, Idaho.  The document bears a stamp at the bottom right of the second page indicating the document was prepared by "Security Connections, Inc. in Idaho Falls, ID.  Based upon information and belief, "Security Connections Inc." was a document fabrication company popular in the early 2000's and is not in anyway an actual officer of any of the entities named on the document.  Furthermore, based upon information and belief, Sarah Hix was a robo-signer working for Security Connections Inc. and has never held any position as an officer of Sand Canyon, Option One. Wells Fargo or the purported securitized trust claiming ownership of the Debtors' mortgage note.

   h.  A 7 page declaration by Javier Rivera, Cintract Management Coordinator at Ocwen Loan Servicing, LLC alleging sums owed by the Debtors with no basis for his alleged personal knowledge.  Moreover the amounts alled include force placed insurance in an undisclosed amount and post petition charges which were neither revealed nor approved by this Court.  He Debtors dispute the amounts alleged, the reasonableness and necessity of the add-on default servicing fees and charges assessed to the account.  Mr. Rivera's knowledge of the documents is further in dispute because the note is clearly an adjustable rate note with a specified method and timing of the adjustment requiring consultation with an outside index ( LIBOR) to calculate, Mr.

Rivera incorrectly identifies the Smiths' loan as a fixed rate loan at paragraph 9 of his declaration failing to provide a required exhibit with the appropriate interest rate changes and calculations.

**4.4** At the undersigned's request, counsel for the purported creditor, Elizabeth Doyaga, Esq. of RAS Boraskin law firm made the alleged collateral file available for inspection on or about February 16, 2017 in the offices of said firm at 900 Merchants Concourse in Westbury, New York.

**4.5** The undersigned did inspect the file presented which appeared to be merely a Note with 2 allonges. In addition to the allonge described above ( ie the first allonge) a second allonge was added which bears a different loan number from the first allonge. Mysteriously, the second allonge is placed between the first allonge and a Prepayment Charge Note Addendum. Bith the first allonge and the Prepayment Charge Note Addendum bear 2 hole-punches at the top while the second has no hole punch marks. The second Allonge is signed by a so-called "Authorized Signer" named Tucker Perry on behalf of Ocwen as Attorney in Fact for Wells Fargo. There is no Power of Attorney presented anywhere in the file. The Second Allonge is not dated and there is no indication as to how or when it was created or for what purpose. The Debtors' aver that this second allonge, like the first, does not qualify as an allonge at all and is not an indorsement on the Smiths' promissory note.

**4.6** At the time of the file inspection, opposing counsel advised the undersigned that she would be amending her pending Motion for Relief From Stay to include the newly discovered second Allonge.

**4.7** Despite passage of time, the pending motion was not amended and the second allonge not presented to the court for inspection despite a clear need to disclose the same.

**4.8** The Debtors aver that the Assignment presented in this case at the direction of Ocwen and/or at the request and direction of its agents and/or attorneys for Ocwen.

**4.9** One or more of the Ocwen and its/their respective attorneys and agent(s) at all times relevant knew or should have known the Assignment is a false document.

**4.10** Ocwen and/or its respective attorneys and agents submitted the above mentioned Assignment, a false document, for the purpose of enticing the reliance of the Court, the Debtors, Chapter 13 Trustee and all interested parties.

**4.11** One or more of the Ocwen and its/their respective attorneys and agents submitted the Assignment, a false document, for the purpose of violating 11 U.S.C. 362(a) in seeking to collect a debt not owed to Ocwen.

**4.12** Debtors object to the Motion for Relief From Stay on the following grounds:

**4.13** The Note affixed to the Motion for Relief From Stay is marked as "Original" and needs to be a duplicate of the original note. The Note attached to the Motion for Relief From Stay in this case is in favor of Option One and is otherwise not endorsed to the Claimant. Despite passage of time, no further proof of indorsement or any documentation to support any connection whatsoever between the named creditor and the Note has been offered by way of amendment to the Motion for Relief From Stay filed by the Ocwen. The purported Allonge presented to the Court is not permanently affixed to the Note and the second allonge withheld from the court is also not permanently affixed to the Note. Furthermore, neither the first or the second allonge is notarized nr is there any justification for the presence of an alloge at all when there is clearly ample room on the actual document to place an indorsement without the need to add paper. The indorsement needs to be made on the instrument itself, clearly the allonges were fabricated prior

8

to being added to the collateral file and prior to ever being stapled or otherwise temporarily affixed to the documents in the file.

**4.14** The Mortgage is in favor of the lender, Option One Home Loan, Inc., not the named creditor. There is no valid assignment of mortgage attached to the Motion for Relief From Stay except for what the Debtors aver to be a bogus robo-signed assignment of mortgage and despite passage of time, the same has not been amended. The named creditor, Ocwen, does not maintain a valid lien on the Debtors' property.

**4.15** The Motion for Relief From Stay is padded with unsubstantiated and charges, no reliable accounting from the date of alleged default designed to extract additional and substantial profits from the servicing of Debtors' mortgage loan and from the property of this bankruptcy estate to the detriment of Debtors and unsecured creditors.

**4.16** Claimant failed to attach any supporting documentation to support the contention that Ocwen Loan Servicing LLC is a servicer to Wells Fargo Bank.

**4.17** The underlying note is a non-negotiable instrument and as such there must be a clear and unbroken chain of title to support the current claimant. The motion as filed lacks any clear chain of title to the securitized trust claiming to own the debtors' note.

**4.18** Upon information and belief, the alleged pre-petition inspection fees, BPO, late fees, NSF fees, Advanced Attorneys' fees and costs were neither reasonable nor necessary, are not supported by time and expense records, and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**4.19** Upon information and belief, Claimant does not have standing, and has not established that it acquired the note and the mortgage as required by law and Claimant has further failed its burden of proving the debt it alleges is owed to it.

## B.  LACK OF STANDING / REAL PARTY IN INTEREST

**5.1**	The allegations in paragraphs 1.1 through 4.19 of this Objection and Counter Motion are realleged and incorporated herein by this reference.

**5.2**	There is no documentation provided in Motion for Relief From Stay proving a complete chain of title from the originating lender, Option One, to the alleged owner, a securitized trust.

**5.3**	The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; Ocwen have failed to meet this burden.

**5.4**	There was no writing filed with the Motion for Relief From Stay demonstrating the purported creditor's interest on the property securing such alleged claim.

**5.5**	There is no apparent chain of transfers attached to the Motion for Relief From Stay to explain how or when the purported creditor came to allegedly own the Debtors' loan.

**5.6**	A federal Court cannot have jurisdiction unless a party has constitutional standing. The claimant fails to provide any credible evidence as to if and when a negotiation of the Note to the Creditor, a securitized trust, ever occurred.

**5.7**	Ocwen are therefore, neither a creditor or the real party in interest and have no standing to file the instant motion seeking relief from the instant bankruptcy case.

**5.8**	Ocwen has no constitutional standing to file its sworn Motion for Relief From Stay in the Debtors 's Chapter 13 case.

**5.9**	In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court

system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest***. (emphasis added)

**5.10** A Motion for Relief From Stay is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

**5.11** The Debtors aver that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated and there is no connection between the named creditor and the copy of the Note provided, the Ocwen's very claim is defective.

**5.12** In the case at bar, the claimant, Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series 2006-1 establishes only that it is neither the holder nor the owner of the note. Ocwen failed to establish that it has a beneficial interest in the copy of the Note affixed to its Motion for Relief From Stay.

**5.13** The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of <u>Warth v. Seldin</u> addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the Debtors has made out a ―case or controversy‖ between himself and the Ocwen within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the Debtors has ―alleged such a personal stake in the outcome of the controversy‖ as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. <u>Baker v. Carr</u> 369

11

> U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the Debtors himself has suffered ―some threat or actual injury resulting from the putatively illegal action…‖ <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).‖ <u>Warth v. Seldin</u> 422U.S.490, 498 (1975)
>
> Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the Debtors has alleged injury sufficient to meet the ―case or controversy‖ requirement, this Court has held that the **Debtors generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).‖ <u>Warth v. Seldin</u> 422U.S.490, 499 (1975) (**emphasis added**)

**5.14**  The Debtors in the instant case reiterate that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." <u>*Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*</u>. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. <u>*Valley Forge Christian College v Americans United for Separation of Church & State, Inc.*</u>*, 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. <u>*Coyne*</u>*, 183 F.3d at 494;* <u>*Valley Forge,*</u> *454 U.S. at 472*.

**5.15**  As set forth hereinabove, Ocwen can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does Ocwen make any mention of any perceived injury to itself.

**5.16**  Ocwen has not shown that the named creditor has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate themselves as an owner of the

12

Debtors' loan has been by way of fraudulent and misleading documents by persons who lack any personal knowledge.

**5.17**   Ocwen must demonstrate *how, when and from whom* it derived their alleged rights.  <u>In re Tandala Mims,</u> 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank.  The court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From Stay as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.*' *Mims*, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

**5.18**   In the instant case as in the <u>Mims</u> case, there is a complete lack of any credible explanation describing how, when and from whom Ocwen derived any rights.  There is a clear question of fact as to the issue of Ocwen standing to bring a claim or otherwise seek relief from the automatic stay.

**5.19**   To the extent Ocwen filed the Motion for Relief From Stay, it constitutes a gross and willful violation of the Automatic Stay pursuant to 11 U.S.C. section 362(a)(3) by the Ocwen.

**5.20**   As a result of the violation of the automatic stay as described herein, all Ocwen are liable to the Debtors for actual damages, punitive damages and legal fees under 362(k)(1) of the Bankruptcy Code.

### V.    CLAIM FOR RELIEF: DECLARATORY JUDGMENT

**6.1** The allegations in paragraphs 1.1 through 5.20 of this Objection and Counter Motion are realleged and incorporated herein by this reference.

**6.2** At no time relevant to the allegations herein was the claimant identified in the Motion for Relief From Stay the actual holder and the lawful owner of the mortgage note originally signed by the Debtors .

**6.3** Therefore, the Ocwen has no constitutional standing to seek relief from the automatic stay or otherwise participate in this Chapter 13 proceeding.

**6.4** Because the Ocwen is not the actual holder and lawful owner or assignee of the mortgage, Ocwen has no security interest, and no right to seek to collect money from Debtors.

**6.5** Debtors seeks a declaratory judgment holding that Ocwen does not have an enforceable secured or unsecured claim against the property of the estate in bankruptcy; and

**6.6** Debtors also seeks a judgment declaring Ocwen' claimed security interest void pursuant to 11 U.S.C. § 506(d).

### VI.    CLAIM FOR RELIEF: FRAUD ON THE COURT INCLUDING FALSE AND FRAUDULENT MOTION FOR RELIEF FROM STAY

**7.1** The allegations in paragraphs 1.1 through 6.6 of this Objection and Counter Motion are realleged and incorporated herein by this reference.

**7.2** The Motion for Relief From Stay filed by Ocwen is false and fraudulent for the following reasons:

    A.    It included a copy of a Note not payable to Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series 2006-1;

14

  B.  Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series 2006-1 does not actually own the Debtors' note or have constitutional standing to file a Motion for Relief From Stay;

  C.  It includes fees that were excessive, unsubstantiated and/or that were neither reasonable nor necessary;

  D.  It includes a false and/or otherwise fraudulent and/or otherwise invalid Assignment of Mortgage.

**7.3**  This Court has authority under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

**7.4**  The Court should impose sanctions on Ocwen for filing an improper Motion for Relief From Stay in this case. Debtors therefore requests that Court invoke the powers granted to it by 11 U.S.C. § 105(1) and issue such order, process or judgment necessary to address the fraud of the Ocwens and to prevent any future fraud or abuse of process. In the alternative, the Debtors requests this Court to waive the pre-notice time requirements of Rule 9011 of the Bankruptcy Rules and to impose sanctions under that Rule.

 **WHEREFORE**, Debtors pray:

A. That the Court deny and strike the Motion for Relief From Stay;

B. That Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series 2006-1be precluded from filing any amended, modified, or substitute motion or claim in this case;

C. That the alleged arrearages contained in the Motion for Relief From Stay be canceled and forever discharged;

D. That Claimant be required to pay legal fees and expenses to the attorney for Debtors;

E. That the Claimant provide a complete accounting of the Debtors' mortgage loan account, forthwith.

F. That Ocwen Loan Servicing, LLC As Servicer For Wells Fargo Bank, NA as Trustee For Option One Mortgage Loan 2006-1, Asset Backed Certificates Series 2006-1's claimed security interest be declared void pursuant to 11 U.S.C. §506(d); and

G. That Debtors s have such other and further relief as the Court may deem just and proper.

WHEREFORE, Debtors prays that the Court grant the relief requested herein.

This the 2nd Day of May, 217

                RESPECTFULLY SUBMITTED,
                /S/ LINDA M. TIRELLI
                Linda M. Tirelli, Esq.
                Tirelli & Wallshein, LLP
                Attorney for Debtors
                50 Main Street, Suite 405
                White Plains NY 10606
                Phone: (914)732-3222 /Fax: (914)517-2696